UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RANDY LEE ISAACS, | : | NO. 1:08-CV-00828, |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's September 22, 2009 Report and Recommendation (doc. 13), Defendant's Objections (doc. 14), and Plaintiff's Reply (doc. 15). For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's Recommended Decision and ADOPTS the Magistrate Judges' Report and Recommendation in most respects, REVERSES the decision of the Commissioner as not supported by substantial evidence, and ENTERS final judgment in favor of Plaintiff.

I. **Background**

Plaintiff applied for disability insurance benefits in May of 2005 alleging a number of conditions, including a lower back condition that causes substantial restrictions in his ability to work (doc. 7). On May 9, 2008, the Administrative Law Judge ("ALJ") issued a decision finding Plaintiff "not disabled," a determination that Plaintiff subsequently unsuccessfully appealed (Id.). Plaintiff then sought review from this Court (doc. 4).

The Magistrate Judge reviewed the record and in his September 22, 2009 Report and Recommendation concluded that the ALJ erred in assessing Plaintiff's back condition at step two of the sequential evaluation process and in assessing Plaintiff's residual function capacity ("RFC")(doc. 13). The Magistrate Judge then recommended that the case be remanded for further proceedings (Id.).

Defendant timely objected to the Magistrate Judge's Report and Recommendation, arguing that the ALJ's finding that Plaintiff could perform a range of medium work was supported by substantial evidence, such as several treatment records and medical test results (doc. 17). In addition, Defendant contends that the ALJ's opinion does not clearly indicate that she found that Plaintiff's back condition was not severe; instead, Defendant argues that it was reasonable to assume that the ALJ had considered Plaintiff's back problems in her analysis of his disability claim (Id.). In his Reply, Plaintiff contends that the Magistrate Judge correctly found that the ALJ's decision that Plaintiff could perform a range of medium work did not reflect consideration of Plaintiff's back condition (doc. 18).

This matter is now ripe for the Court's consideration.

**II. The Magistrate Judge's Report and Recommendation**

A summary of the facts, law and analysis found in the Magistrate Judge's Report and Recommendation follows.

Plaintiff filed his claim for disability benefits,

2

alleging an amended onset date of August 5, 2004 (doc. 13). The ALJ denied Plaintiff's application for disability insurance benefits, having determined, inter alia, that Plaintiff's "severe impairments, in combination are status post sigmoid colon resection, degenerative disc disease with back and neck pain, borderline intellectual functioning, a history of substance abuse (reportedly in remission), mixed hearing loss, and chronic obstructive pulmonary disease" (Id.). The ALJ further determined, however, that Plaintiff "does not suffer from a severe back condition" and does not have an impairment or combination of impairments that meet or equal the requisite "Listing of Impairments" (Id.). The ALJ determined that Plaintiff has RFC such that he can do a range of medium work, which involves lifting up to fifty pounds occasionally and twenty-five pounds frequently, and he should avoid frequent exposure to pulmonary irritants and work somewhere with little background noise (Id.). In addition, the ALJ found that Plaintiff could perform a job that is simple and routine and does not involve significant decision-making (Id.). The ALJ further determined that Plaintiff could not perform his past relevant work (of concrete finisher, factory worker and termite control treatment worker) but could perform other jobs that exist in significant number in the national economy (Id.). To the extent Plaintiff's description of the intensity, persistence and limiting effects of his conditions conflicts with the residual functional

capacity of a range of medium work, the ALJ found Plaintiff not credible (Id.). The ALJ therefore concluded that Plaintiff was not under a disability as defined in the Social Security Act and therefore not entitled to benefits (Id.).

The Magistrate Judge noted that to qualify for disability benefits, a person must meet certain insured status requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. (Id. citing 42 U.S.C. §§ 416(i), 423). Here, the only factor in dispute is the last. To establish a disability under the act, the claimant must prove that he suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). In addition, the claimant must prove that the impairments from which he suffers render him unable to engage in the work he previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

If the claimant is not currently engaged in substantial gainful employment and has a severe impairment or combination of impairments, then disability is presumed and benefits are awarded if the impairment meets or equals any within the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1520. If the impairment does not meet or equal any

within the Listing, disability may still be found if the impairment prevents the performance of the claimant's regular previous employment and the Commissioner cannot show that there is work in the national economy that the claimant can perform. Id.; Lashley v. Secretary of H.H.S., 708 F.2d 1048 (6th Cir. 1983).

As the Magistrate Judge correctly noted, when the ALJ's decision is not supported by substantial evidence, the Court may, inter alia, reverse and remand for a rehearing or reverse and order benefits granted (doc. 13). When the ALJ's decision does not include all five steps of the five-part sequential evaluation, remand for completion of that process is often appropriate, but it is not required (Id., citing DeGrande v. Sec'y of Health and Human Services, 892 F.2d 1043 (6th Cir. 1990)). However, a judicial award of benefits is only proper when the proof of disability is overwhelming or when such proof is strong and contrary evidence is lacking (Id., citing Faucher v. Sec'y of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994)(remand where evidence conflicts regarding severity of impairments)).

In reviewing the record as a whole in this matter, the Magistrate Judge found no substantial evidence supported the ALJ's decision that Plaintiff's back condition was not a severe impairment (doc. 13). Instead, the Magistrate Judge pointed to significant evidence to the contrary. For example, the Magistrate Judge noted that Plaintiff had an MRI in 2006 that revealed

advanced L5-S1 "disc desiccation and severe loss of disk space height with moderate degree of diffuse disk bulge with superimposed left central disk space spr and a right central and right proximal foraminal disk herniation, small, with associated radial annular tear with bilateral facet hypertrophy, mild in degree, and mild bilateral L5 foraminal stenosis, right greater than left, and lateral recess stenosis, left greater than right" (Id.). In addition, the MRI showed that Plaintiff's left S1 root nerve appeared to be mildly displaced by the disk space spur (Id.). The Magistrate Judge noted that Plaintiff was referred by his primary physician to the Cincinnati Spine Institute and was examined by neurosurgeon Dr. Kramer (Id.). Based on his review of Plaintiff and Plaintiff's MRI, Dr. Kramer then recommended that Plaintiff undergo anterior lumbar interbody fusion at L5-S1, a surgery about which he did have some concern because of Plaintiff's history of colon resection (Id.). Nonetheless, the ALJ concluded that Plaintiff's back condition was simply a slight abnormality, and not a severe impairment (Id.). The Magistrate Judge found that the ALJ had presented no explanation for her determination that Plaintiff's back condition was not a severe impairment and, consequently, found such determination unsupported by substantial evidence (Id.).

In addition, the Magistrate Judge found unclear the ALJ's basis for her determination of an RFC for medium work (Id.). While the ALJ stated that she relied on several physician opinions to

6

reach her RFC conclusion, the Magistrate Judge found that those physician opinions do not support a finding of an RFC for medium work (Id.). Instead, the Magistrate Judge found that the RFC opinions of the state agency medical consultant and the Dr. Sparks consultative examination report relate only to Plaintiff's mental functioning, not to his back condition (Id.). The Magistrate Judge similarly found that the opinions of Drs. Schapera and Kramer do not support the ALJ's RFC finding (Id.). Specifically, Dr. Schapera only opined that Plaintiff "appears capable of performing activities commensurate with his age and intellect" and Dr. Kramer, the neurosurgeon who recommended that Plaintiff undergo surgery, gave no opinion on Plaintiff's RFC (Id.). Absent any physician opinion that Plaintiff had an RFC for medium work[1], the Magistrate Judge concluded that the ALJ's RFC determination was informed by her own lay medical opinion (Id.). Without a medical source opinion to support the ALJ's RFC determination, the Magistrate

---

[1] One other physician report is present in the record, that of Dr. Horn, the emergency room physician who examined Plaintiff for lower back pain three months after his MRI in 2006 and two months prior to the neurosurgeon's evaluation (doc. 13). Dr. Horn did not provide an RFC opinion; instead, he wrote, "I find his injury to be most constipation [sic] with likely musculoskeletal mechanical cause," and referred Plaintiff to a neurosurgeon for further evaluation (Id.). The use of the word "constipation" in this entry has caused considerable confusion, with the ALJ and the Commissioner appearing to take the position that the word indicates that Dr. Horn believed that Plaintiff's back pain was related to constipation and not to the musculoskeletal abnormalities reported in his MRI (Id.). However, the Court is persuaded by the Magistrate Judge's analysis and reasoning here and finds that "constipation" was likely a typographical error.

7

Judge found that determination to be without substantial support (Id.).

In conclusion, the Magistrate Judge determined that the record lacked substantial evidence to support the ALJ's findings but the record did not adequately establish Plaintiff's entitlement to benefits (Id.). Therefore, the Magistrate Judge recommended that the case be remanded for further proceedings (Id.).

**III. Defendant's Objections**

Defendant objected to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge's findings were erroneous on two fronts (doc. 14). First, Defendant contends that it is not "entirely clear" whether the ALJ found Plaintiff's back condition to be not severe and points for support to the ALJ's statement that the Plaintiff had a "severe...degenerative disc disease with back and neck pain" (Id.). Therefore, Defendant argues, it is reasonable to assume that the ALJ took Plaintiff's back condition into account when she assessed his claim (Id.).

In addition, Defendant argues that the physician reports provide evidence upon which the ALJ relied, and the ALJ is not required to base her RFC finding on physician opinions (Id., citing Blacha v. Sec'y of Health and Human Services, 927 F.2d 228, 230-31 (6th Cir. 1990)). That is, Defendant contends that the examination findings in the various physician reports support the ALJ determination of an RFC for medium work (Id.). Specifically,

8

Defendant points to physician reports indicating that Plaintiff had normal stability, muscle tone, strength and sensation; that Plaintiff's gait, neurological examination and straight leg raise test and range of motion were normal, with no evidence of muscle weakness, spasm, tenderness or atrophy; and that Plaintiff was capable of walking on his heels and toes and could do a knee bend (Id.). In addition, Defendant notes that the emergency room physician reported that Plaintiff had full muscle strength, normal reflexes and normal sensation, with no evidence to suggest cord compression or impaired neurological functions (Id.).

**IV. Plaintiff's Reply**

Plaintiff's Reply urges the Court to adopt the Magistrate Judge's Report and Recommendation (doc. 15). Specifically, Plaintiff argues that Defendant's contentions that it is somehow not clear that the ALJ found that Plaintiff's back condition was not severe and that it is reasonable to assume that she took Plaintiff's back condition into account during her deliberations are belied by the ALJ's explicit finding that Plaintiff "does not suffer from a severe back condition" (Id.). In addition, Plaintiff argues that the ALJ's RFC determination was flawed because she did not rely on any medical opinions regarding Plaintiff's functional capacity (Id.).

**V. Analysis and Conclusion**

The Court finds the Magistrate Judge's Report complete,

thorough and persuasive. Having thoroughly reviewed the record, the Court finds well-taken the Magistrate Judge's conclusion that the ALJ's finding of non-disability is not supported by substantial evidence. In light of the entire record of evidence, a reasonable mind would not accept the conclusion that Plaintiff was not disabled. The record rather shows that Plaintiff suffers from a severe musculoskeletal lower back condition, for which the only currently-prescribed path to relief is spinal surgery. In addition, the record shows that Plaintiff has complained of severe back-associated pain for years, rating that pain on bad days a ten out of ten and noting that it is so severe that he is sometimes unable to move and his legs fail him. The record also contains physician reports of Plaintiff's complaints of burning pain in his lower extremities that is so excruciating that he is unable to get out of bed on some days. The ALJ did not credit Plaintiff's complaints of pain because the ALJ found them to be inconsistent with her determination of an RFC for medium work. However, because the Court finds that the ALJ's determination of an RFC for medium work was erroneous, the Court finds no reason to discount Plaintiff's complaints of pain. See, e.g., Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994). Plaintiff suffers from a severe muscoluskeletal lower back condition and pain so intense that he is sometimes unable to move. An RFC for medium work under these circumstances and with this record is simply not supported by

substantial evidence and, in fact, is controverted by the evidence.

Having found that the ALJ erred in her determination that Plaintiff's back condition is not severe[2] and in her conclusion that Plaintiff has an RFC for medium work, the Court must now determine whether remand is necessary. While the Magistrate Judge recommended remand, the Court does not adopt this recommendation and finds that remand is not needed here. Instead, the Court finds that the record contains strong proof, with no significant evidence to the contrary, that Plaintiff suffers from a disability under the Act.[3] Accordingly, this matter should be remanded to Defendant for an immediate award of benefits. Newkirk v. Shalala, 25 F.3d 316, 318 (6th Cir. 1994).

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in his Report and Recommendation, are correct

---

[2] The Court finds Defendant's contention that the ALJ did not clearly determine that Plaintiff's back condition was not severe to be unsupported by the record. On the contrary, the ALJ very clearly stated that she determined that Plaintiff did not suffer from a severe back condition. The record is not at all clear, however, on whether the ALJ nonetheless considered Plaintiff's back impairment in her RFC calculation. The Court does not accept Defendant's invitation to assume that she did.

[3] The Court finds that under this record, an RFC for sedentary work is the reasonable conclusion. If the Court were to remand, it would be merely for a cursory determination, then, that Rule 201.17 applies, as Plaintiff is indisputably an individual between the ages of 45-49 at the time of the onset of disability, who is illiterate, with a work history of unskilled labor. Such a case, with an individual with an RFC of sedentary, requires a finding of disabled. See 20 C.F.R. Pt. 404, Subpt. P., App. 2, Table 2, 201.17.

except to the extent he recommends remand for further proceedings. Therefore, the Court hereby AFFIRMS the Magistrate Judge's Recommended Decision and ADOPTS the Report and Recommendation, except to the extent he recommends remand for further proceedings (doc. 13). Further, the Court REVERSES the decision of the ALJ pursuant to 42 U.S.C. § 405(g) and ENTERS Final Judgment in favor of the Plaintiff, finding that he is entitled to Social Security disability insurance benefits as of the amended date of August 5, 2004. Accordingly, the Court AWARDS Plaintiff disability insurance benefits based on that date and REMANDS the case to Defendant Commissioner for an immediate award consistent with this Opinion & Order.

      SO ORDERED.


Date: November 3, 2009   /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge